| | |
|---|---|
| AUSA: Thomas Franzinger | Telephone: (313) 226-9774 |
| Task Force Officer: Brian Shock | Telephone: (571) 362-2506 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | | |
|---|---|---|
| United States of America<br>v.<br>Marcus Norwood | Case No. | Case: 2:20−mj−30219<br>Assigned To : Unassigned<br>Assign. Date : 6/30/2020<br>Description: RE: SEALED MATTER (EOB) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  January 2016 and April 28, 2020  in the county of  Wayne  in the  Eastern  District of  Michigan , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) | Distribution of a controlled substance |
| 18 U.S.C. §§ 1956 & 1957 | Money Laundering |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Brian Shock, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: June 30, 2020

City and state: Detroit, MI

_____
*Judge's signature*

Hon. David R. Grand, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# CRIMINAL COMPLAINT

I, Brian Shock, being first duly sworn, depose and state follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a duly sworn Task Force Officer (TFO) of the United States Drug Enforcement Administration (DEA) assigned to the Detroit Field Division, Eastern District of Michigan. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), who is empowered by law to conduct investigations of, to make requests for warrants and to make arrests for offenses enumerated in 18 U.S.C. § 2516(1). I have been a sworn Michigan law enforcement officer for approximately 26 years, am currently a Lieutenant of the Roseville Police Department, and have been employed with the Roseville Police Department for 21 years. Prior to this, I was employed as an officer by the City of Detroit Police Department for approximately 5 years. I am a sworn DEA TFO since March of 2020 and prior to that I was assigned to Roseville Police Department Narcotics Section for 10 years. I have received specialized training in drug trafficking, money laundering, diversion of controlled substances, and investigating drug related crimes, from the Detroit Metropolitan Police Academy, the Macomb County Community College Criminal Justice Institute, the Oakland County Criminal Justice Institute, the Michigan State Police as well as the DEA. During my career, I have performed

1

undercover assignments portraying roles of both purchaser and dealer of narcotics. Currently, I am assigned to the DEA Financial Investigations Team (FIT) and use all my prior experience and training to investigate any drug trafficking activity involving a money laundering component. I have also participated in multiple Title III investigations involving drug trafficking.

2. I make this affidavit based on personal knowledge derived from my participation in this investigation and information from oral and written reports about this investigation and others that I have received from state and federal law enforcement officers. The information outlined below was provided for the limited purpose of establishing probable cause and does not contain all details or facts of which I am aware relating to this investigation.

3. I am requesting an arrest warrant based on probable cause that MARCUS NORWOOD has violated 21 U.S.C. §§ 841(a)(1) (distribution of a controlled substance) and 18 U.S.C. §§ 1956 and 1957 (money laundering).

## **PROBABLE CAUSE**

4. In January 2020, NORWOOD was arrested by Detroit Police Department officers for carrying a concealed firearm with an expired license. When being booked by police at the Detroit Detention Center, officers found a brown paper bag in NORWOOD's groin area containing approximately 130 grams of cocaine,

packaged into several knotted plastic sandwich bags, which is consistent with the intent to distribute the drugs.

5. On March 18, 2020, a group of law enforcement officers executed a state arrest warrant for NORWOOD at his home at 474 Calvin Avenue, Grosse Pointe Farms, Michigan. NORWOOD refused to answer the door and officers saw him run down the basement. NORWOOD finally came to door as the officers were preparing to make entry. There was another person in the house with NORWOOD, and during a protective sweep, officers found materials and equipment used for processing cocaine. The officers subsequently acquired a search warrant seized three drug presses with powdery residue (suspected to be cocaine), a digital scale with powdery residue (suspected to be cocaine), a microwave oven and kitchenware with powdery residue (suspected to be cocaine), documents related to banking, real estate and motor vehicle sales, jewelry purchases with cash, safe deposit box keys, two handguns, one assault rifle, $155,000.00 cash, and other evidence. Much of the drug equipment was in the basement of the house and can be used to reprocess and repackage both powder cocaine and crack cocaine.

6. NORWOOD was charged in state court and released on a personal recognizance bond. However, on April 28, 2020, DEA surveilled NORWOOD for approximately four hours. During that time, NORWOOD left his house on Calvin Avenue and drove into a nearby neighborhood in the City of Detroit where he

engaged in a series of hand-to-hand narcotics transactions. NORWOOD would conduct these hand-to-hand transactions in about 3-5 seconds by meeting, driver's door to driver's door, with suspects driving separate vehicles. NORWOOD and the other driver would immediately separate, driving away in opposite directions. Each time, NORWOOD would return to his Calvin Avenue house after the transactions, likely to both obtain controlled substances as well as to secure the proceeds, except once when he met with three separate vehicles/persons at different locations before returning. NORWOOD also used counter surveillance techniques by driving well below the speed limit, circling the block, stopping mid-block and turning around, backing up on side-streets, and pulling to the curb to allow other vehicles to pass.

7. NORWOOD was previously convicted by the State of Michigan for drug trafficking offenses in 1997. He served approximately 4 years in prison. It appears that the conviction was expunged.

8. Financial records obtained by DEA via subpoena show that NORWOOD has been laundering drug proceeds since possibly as far back as 2016 through at least March 2020. During this time period, NORWOOD has never reported annual income on his state tax returns of more than $42,000, yet bank records show that NORWOOD has deposited over $1.3 million in cash. In addition to the $155,000 seized from his Calvin Avenue house on March 18, 2020, DEA also

seized $750,000 the next day in NORWOOD's Comerica bank account pursuant to a federal warrant.

9. DEA obtained other financial records showing that NORWOOD has used home mortgages and auto loans to attempt to hide the source of his drug proceeds. For instance, NORWOOD arranged for a mortgage to purchase a home in Macomb Township in 2014. From January 2016 through January 2017, NORWOOD paid $5,000.00 in cash every month on a mortgage note held in his wife's name, even though the monthly amount due was less than $1,800.00.

10. In April 2017, NORWOOD and his wife refinanced this mortgage and received a wire transfer for the equity in the home for $111,103.11 from the title company, which NORWOOD deposited in his Comerica bank account. From August 2017 through July 2019, NORWOOD resumed making large cash payments of approximately $9,000.00 each month. The amount due on this mortgage was approximately $1,945.00 per month.

11. In November 2019, NORWOOD and his wife refinanced the Macomb Township house again. This time, NORWOOD received a wire transfer for $226,334.79 from the title company for the equity in the home.

12. NORWOOD has used a similar process with auto purchases and loans to launder additional funds. According to records obtained via subpoena, NORWOOD obtained a loan for the purchase a new pickup truck in August 2018

5

for approximately $56,000.00. He then made monthly cash payments of approximately $8,000.00 and paid off the loan entirely by March 2019. NORWOOD sold this truck in October 2019 for $42,500.00.

13. In April 2019, NORWOOD's wife obtained a loan for the purchase of a 2019 Cadillac Escalade for approximately $69,000.00. This loan was repaid at an accelerated pace using monthly cash deposits between $3,000.00 and $5,000.00 through September 2019, for a total of $23,000.00. The NORWOODs then sold this vehicle after only six months for $58,000.00. The sale paid off the loan on the car and the purchasing dealership also gave the NORWOODs a check for the balance of $11,055.81, which they deposited in a jointly held bank account.

14. Dealership records also show that on October 29, 2019, NORWOOD purchased another new pickup truck for $62,150.40. NORWOOD put down $5,000.00 cash and financed the remaining amount at a rate that generated monthly payments of $863.20. NORWOOD has made at least four known payments on the auto loan so far: December 2, 2019 ($5,000.00); January 9, 2020 ($5,000.00); February 5, 2020 ($5,000.00); and March 9, 2020 ($863.20). The first three payments were in cash and the fourth was paid via check.

## CONCLUSION

15. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that between on or about January 2016

6

and on or about April 28, 2020, MARCUS NORWOOD has possessed with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and laundering of monetary instruments, in violation of 18 U.S.C. §§ 1956 and 1957.

_____
Brian Shock
Task Force Officer, DEA

Sworn to before me and signed in my presence
And or by reliable electronic means.

_____
Hon. David R. Grand
United States Magistrate Judge

June 30, 2020